**Supreme Court**

In re Petitions for Writ of       :
Certiorari Seeking Review of
Denials of Applications for       :
Postconviction Relief.

**O R D E R**

This Court has received more than forty nearly identical petitions for writ of certiorari filed by individuals incarcerated at the Adult Correctional Institutions.[1]  All seek review of the Superior Court's denial of the respective petitioner's postconviction-relief (PCR) application.[2]  The only variation in the PCR applications, and the resulting petitions for writ of certiorari, are the factual underpinnings and the statute(s) at issue.  The arguments set forth are identical; none has merit.

Each petitioner argues that the statute criminalizing his conduct is unconstitutional because the penalty for committing the offense is not contained in the statute criminalizing the conduct.  The petitioners challenge their convictions under a total of six statutes, all of which follow the same format.  The statutes are (1) G.L. 1956 § 11-23-1 (Murder); (2) G.L. 1956 § 11-37-2 (First degree sexual assault); (3) G.L. 1956 § 11-37-4 (Second degree sexual assault); (4) G.L. 1956 §

---

[1] The cases at issue are listed at Exhibit A, attached to this Order.

[2] Justice Kristin E. Rodgers has been tasked with considering all such PCR applications.  While there are forty-one petitions for writ of certiorari pending in this Court, there are significantly more similarly-styled PCR applications pending in the Superior Court.  The state estimates that the Superior Court has handled, or will handle, a total of one-hundred-and-twenty-three PCR applications that advance the argument made in the present cases.

11-37-6 (Third degree sexual assault); (5) G.L. 1956 § 11-37-8.1 (First degree child molestation sexual assault); and (6) G.L. 1956 § 11-37-8.3 (Second degree child molestation sexual assault).[3]

With respect to each of these statutes, the prohibited conduct is set forth in one section of the chapter, and the penalty is set forth in the subsequent one. *See, e.g.*, § 11-37-8.1 ("A person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person fourteen (14) years of age or under."); § 11-37-8.2 ("Every person who shall commit first degree child molestation sexual assault shall be imprisoned for a period of not less than twenty-five (25) years and may be imprisoned for life.").

In the PCR applications, petitioners relied on jurisprudence both from this Court and others, including *State v. Maxie*, 187 A.3d 330 (R.I. 2018) and *State v. Footman*, 196 A.3d 758 (R.I. 2018). We deem the cases relied on by petitioners to be distinguishable. In *Maxie,* and then in *Footman*, this Court concluded that G.L. 1956 § 11-67-6, which was entitled "Sex trafficking of a minor" and has since been repealed, was flawed in that it failed to state a crime.[4] *Footman*, 196 A.3d at 763; *Maxie*, 187 A.3d at 341. This Court concluded that § 11-67-6 was "afflicted with an

---

[3] Each petitioner, except for one, was convicted under one or more of these statutes. The exception is Leo Morris, Jr. (No. 2019-283-M.P.), who was convicted of assault with intent to commit first degree sexual assault, which does contain a penalty provision. *See* G.L. 1956 § 11-5-1 ("Every person who shall make an assault with intent to commit murder, robbery, sexual assault, burglary, or the abominable and detestable crime against nature, shall be imprisoned not exceeding twenty (20) years nor less than one year.") Nonetheless, Morris contends that the alleged unconstitutional nature of the first-degree sexual assault statute, § 11-37-2, impacts the validity of his conviction.

[4] In pertinent part, § 11-67-6 read:

> (b) Any person who: (1) Recruits, employs, entices, solicits, isolates, harbors, transports, provides, persuades, obtains, or maintains, or so attempts, any minor for the purposes of commercial sex acts; or (2) Sells or purchases a minor for the purposes of commercial sex acts; or (3) Benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in subdivision (1) or (2); *or* (c) Every person who shall commit sex trafficking of a minor, shall be guilty of a felony and subject to not more than forty (40) years imprisonment or a fine of up to forty thousand dollars ($40,000), or both. (Emphasis added.)

obvious drafting error[,]" which was referred to by the parties as the "hanging or," and that "no amount of statutory construction * * * [could] fill the gap or repair the flaw created by the absence of language setting forth a crime[.]" *Maxie*, 187 A.3d at 340, 341.

That is not the situation presented in the statutes at issue. The subject statutes do not contain any such drafting errors. Rather, each is part of a clear statutory scheme in which the prohibited conduct is plainly laid out in one section of a chapter in our general laws, and the penalty is set forth in the subsequent section. We reject petitioners' arguments that this arrangement somehow renders the statutes without legal force and effect. None of the other cases cited by petitioners, which are largely from other jurisdictions, convince us otherwise. For the reasons specified herein, and for the reasons set forth in the Superior Court's well-reasoned denials of the PCR applications, we deny all of the petitions for writ of certiorari.

The petitions for writ of certiorari listed in Exhibit A, as prayed, are denied.

The petitioners' motions for appointment of counsel, as prayed, are denied as moot.[5]

The petitioners' motions to proceed *in forma pauperis*, as prayed, are granted.

These matters shall be closed.

Entered as an Order of this Court this ***19th*** day of ***November 2019.***

By Order,

_____/s/_____
Clerk

---

[5] All but one petitioner, Christian Buchanan (No. 2019-327-M.P.), filed a motion to proceed *in forma pauperis* and a motion to have counsel appointed.

## Exhibit A

| | | |
|---|---|---|
| 1 | SU-2019-250-MP | Joseph Wilson v. State of Rhode Island |
| 2 | SU-2019-251-MP | Lance Mosley v. State of Rhode Island |
| 3 | SU-2019-252-MP | Freedom Thibodeau v. State of Rhode Island |
| 4 | SU-2019-253-MP | Clinton Mulbah v. State of Rhode Island |
| 5 | SU-2019-254-MP | Muhammad Farooq v. State of Rhode Island |
| 6 | SU-2019-255-MP | John Depina v. State of Rhode Island |
| 7 | SU-2019-256-MP | Santo Jensen v. State of Rhode Island |
| 8 | SU-2019-257-MP | Peter Cole v. State of Rhode Island |
| 9 | SU-2019-258-MP | Walter Perry v. State of Rhode Island |
| 10 | SU-2019-259-MP | Aloysius Weah v. State of Rhode Island |
| 11 | SU-2019-260-MP | Carlos Guzman v. State of Rhode Island |
| 12 | SU-2019-261-MP | Dante Dutra v. State of Rhode Island |
| 13 | SU-2019-262-MP | James Paola v. State of Rhode Island |
| 14 | SU-2019-263-MP | Stephen Mattatall v. State of Rhode Island |
| 15 | SU-2019-265-MP | Oscar Muralles v. State of Rhode Island |
| 16 | SU-2019-266-MP | Juan Silva v. State of Rhode Island |
| 17 | SU-2019-267-MP | Bruce McKay v. State of Rhode Island |
| 18 | SU-2019-269-MP | Michael Powell v. State of Rhode Island |
| 19 | SU-2019-270-MP | Anibal Acevedo v. State of Rhode Island |
| 20 | SU-2019-271-MP | Gary Abruzzese v. State of Rhode Island |
| 21 | SU-2019-277-MP | Anthony Deciantis v. State of Rhode Island |
| 22 | SU-2019-278-MP | Fredwin Burgos v. State of Rhode Island |
| 23 | SU-2019-279-MP | Samuel Fuentes v. State of Rhode Island |
| 24 | SU-2019-280-MP | Kirk Demers v. State of Rhode Island |
| 25 | SU-2019-282-MP | Javier Merida v. State of Rhode Island |
| 26 | SU-2019-283-MP | Leo Morris, Jr. v. State of Rhode Island |
| 27 | SU-2019-284-MP | Amilio Feliciano v. State of Rhode Island |
| 28 | SU-2019-285-MP | James Hernandez v. State of Rhode Island |

| 29 | SU-2019-289-MP | Edilsar Alvarado v. State of Rhode Island |
|----|----------------|-------------------------------------------|
| 30 | SU-2019-290-MP | Jaimeson Rushlow v. State of Rhode Island |
| 31 | SU-2019-291-MP | Edward Berrios v. State of Rhode Island |
| 32 | SU-2019-292-MP | Jeffrey Murray v. State of Rhode Island |
| 33 | SU-2019-295-MP | Jayson Esposito v. State of Rhode Island |
| 34 | SU-2019-310-MP | David Carpenter v. State of Rhode Island |
| 35 | SU-2019-311-MP | Marco Ortiz, Sr. v. State of Rhode Island |
| 36 | SU-2019-312-MP | Robert Gonder v. State of Rhode Island |
| 37 | SU-2019-327-MP | Christian Buchanan v. State of Rhode Island |
| 38 | SU-2019-377-MP | Nicholas Caterino v. State of Rhode Island |
| 39 | SU-2019-378-MP | Demetrio Aguilar v. State of Rhode Island |
| 40 | SU-2019-382-MP | Raymond Lynch v. State of Rhode Island |
| 41 | SU-2019-383-MP | Miguel Panadero v. State of Rhode Island |

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | | |
|---|---|---|---|
| **Title of Case** | In re Petitions for Writ of Certiorari Seeking Review of Denials of Applications for Postconviction Relief. | | |
| **Case Number** | SU-2019-250-MP  SU-2019-265-MP  SU-2019-289-MP<br>SU-2019-251-MP  SU-2019-266-MP  SU-2019-290-MP<br>SU-2019-252-MP  SU-2019-267-MP  SU-2019-291-MP<br>SU-2019-253-MP  SU-2019-269-MP  SU-2019-292-MP<br>SU-2019-254-MP  SU-2019-270-MP  SU-2019-295-MP<br>SU-2019-255-MP  SU-2019-271-MP  SU-2019-310-MP<br>SU-2019-256-MP  SU-2019-277-MP  SU-2019-311-MP<br>SU-2019-257-MP  SU-2019-278-MP  SU-2019-312-MP<br>SU-2019-258-MP  SU-2019-279-MP  SU-2019-327-MP<br>SU-2019-259-MP  SU-2019-280-MP  SU-2019-377-MP<br>SU-2019-260-MP  SU-2019-282-MP  SU-2019-378-MP<br>SU-2019-261-MP  SU-2019-283-MP  SU-2019-382-MP<br>SU-2019-262-MP  SU-2019-284-MP  SU-2019-383-MP<br>SU-2019-263-MP  SU-2019-285-MP | | |
| **Date Order Filed** | November 19, 2019 | | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | | |
| **Source of Appeal** | Providence County Superior Court | | |
| **Judicial Officer From Lower Court** | Associate Justice Kristin E. Rodgers | | |
| **Attorney(s) on Appeal** | For Petitioners:<br><br>Glen S. Sparr, Esq.<br>Michael S. Pezzullo, Esq.<br>Kenneth G. Littman, Esq. | | |
| | For State:<br><br>Christopher R. Bush<br>Assistant Attorney General<br><br>Judy Davis<br>Special Assistant Attorney General | | |